IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ADAM MASKELL                                                                                    PLAINTIFF

v.                                           Case No. 1:23-cv-1043

JUDGE JACK PURYEAR                                                                      DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 10. Plaintiff, representing himself in this action, has responded with timely objections. ECF No. 11, 23. The Court finds the matter ripe for consideration.

On May 15, 2023, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the state court judge presiding over his criminal case, Judge Jack Puryear, violated his rights under the Fourth, Fifth, and Fourteenth Amendments. ECF No. 1. Plaintiff also filed a supplement to his complaint. ECF No. 8. This case was referred to Judge Bryant for preservice screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Judge Bryant recommends that Plaintiff's case be dismissed with prejudice because Judge Puryear is immune from suit.

In his complaint, Plaintiff alleges that Judge Puryear lied by stating that Plaintiff did not have to be indicted by a grand jury, allowed a coerced confession into evidence, and refused to dismiss Plaintiff's state court case when the state failed to turn over exculpatory evidence. Plaintiff also alleges that when Judge Puryear recused himself from Plaintiff's case, Judge Puryear did not follow the administrative rules for recusal.

Judges are immune from suit because, as judicial officers, they should be free to act on

their own convictions. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or in bad faith. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018). Further, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 760 (8th Cir. 2019).

Judicial immunity from § 1983 actions bar a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). Second, a judge does not have immunity from lawsuits based on actions taken in the complete absence of jurisdiction. *Id.*

Here, there is no indication that the actions Judge Puryear took in Plaintiff's state criminal case were non-judicial in nature. Plaintiff argues that Judge Puryear had no jurisdiction over Plaintiff's case because Judge Puryear failed to follow the state's administrative and procedural rules governing recusal. While Plaintiff may disagree with the process of recusal employed by Judge Puryear and the subsequent transfer of his case to a different judge, this does not mean that Judge Puryear acted in the complete absence of jurisdiction. Because neither exception to judicial immunity applies to this case, the Court agrees with Judge Bryant that Judge Puryear is immune from suit and that this case must be dismissed.

The Court has conducted a *de novo* review of this case and finds that the objections lodged by Plaintiff offer neither law nor fact requiring departure from Judge Bryant's recommendation. Plaintiff's objections are overruled, and the Court adopts the instant report and recommendation

- 3 -

(ECF No. 10) *in toto*. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED**, this 19th day of March, 2024.

                                            /s/ Susan O. Hickey
                                            Susan O. Hickey
                                            Chief United States District Judge